**Sheldon GLASSHOFER, Appellant,**

v.

**William C. SENNETT, Atty. Gen. of Pennsylvania, et al.**

**No. 18513.**

United States Court of Appeals, Third Circuit.

Submitted June 4, 1971.

Decided June 16, 1971.

Sheldon Glasshofer, pro se.

Larry Elliot Jones, Asst. Atty. Gen. (J. Shane Creamer, Atty. Gen., Herbert Monheit, Asst. Atty. Gen., Philadelphia, Pa., on the brief), for appellees.

Before McLAUGHLIN, ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This appeal is from the dismissal, without hearing, of appellant's civil rights complaint. The district court fairly capsulized appellant's position: "that the [prison] institution's officials are hampering him from compiling his own individual law library." Appellant has not complained that he has been denied access to the prison library. Moreover, the district court found that he "has not been denied access to this court since we recently considered and denied his petition for a writ of habeas corpus * * * wherein he presented eight grounds for relief."

In Gittlemacker v. Prasse, 428 F.2d 1, 6–7 (3 Cir.1970), we found that regulations prohibiting a prisoner from having a law library in his cell did not state a claim under the Civil Rights Act, 42 U.S.C. § 1983:

Appellant also attacks prison rules which prohibit an inmate from main-

taining a private law library in his cell. * * *

Access to the courts is guaranteed by the due process clause of the Fourteenth Amendment. But prison regulations which reasonably limit the times, places and manner in which inmates may engage in legal research and preparation of legal papers do not transgress this constitutional protection so long as the regulations do not frustrate this access. Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L. Ed.2d 718 (1968).

The judgment of the district court will be affirmed.